### YOUNG v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. November 29, 1898.)

1. Costs—Actions in Forma Pauperis—Discretion.

Code Civ. Proc. §§ 460, 461, providing that a person may sue as a poor person, where the court is satisfied of the truth of the facts alleged in the petition for leave so to do, and that a plaintiff so admitted to sue shall not be prevented from prosecuting because of a liability for costs of a former action, reposes a discretion in the court to make such an order whenever the plaintiff has a meritorious cause of action, notwithstanding a former trial resulted adversely to plaintiff, who was liable for costs.

2. SAME—VACATION OF ORDER—DISCRETION—REVIEW.

It is discretionary with the court to vacate an order allowing a person to sue as a poor person, and such vacation will not be reviewed, if the discretion was fairly exercised.

Appeal from special term.

Action by Mary I. Young, as administratrix, against the Nassau Electric Railroad Company. From an order vacating an order permitting plaintiff to sue as a poor person, she appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John A. Straley, for appellant.

Frederick S. Martyn, for respondent.

GOODRICH, P. J. The plaintiff had previously brought an action against the defendant for the same cause as is alleged in the complaint herein. There had been two trials of such former action; the first ending in a disagreement of the jury, and the second in a dismissal of the complaint at the close of the plaintiff's case, upon which a judgment for costs was subsequently entered. The plaintiff thereafter commenced the present action, and obtained an order to sue as a poor person. The defendant moved to set aside such order, and such motion was granted, and from the order entered thereon the plaintiff appeals.

The Code of Civil Procedure authorizes an order permitting a plaintiff to sue as a poor person, where the court is satisfied of the truth of the facts alleged in the petition, and provides that when such an order is made the plaintiff shall not be prevented from the prosecution of the action by reason of his liability for the costs of a former action. Sections 460, 461. Here is a plain requirement of the exercise of judicial discretion in granting an order to sue as a poor person, and, if the court was possessed of sufficient facts to justify the use of its discretion, we may not interfere. The petition upon which the order to sue as a poor person was granted ex parte simply alleged the facts upon which the action was based, and the poverty of the plaintiff. This made out a prima facie case, which was sufficient to authorize the granting of the order. But it was essential that the plaintiff should have a meritorious cause of action. If she had such cause of action, the statute is explicit that the fact that she had not paid the costs recovered against her on a previous suit shall not preclude her from maintaining the present action; still the adverse result of the previous action was properly to be considered on the merits of her right to sue as a poor person. The court was called upon to exercise discretion, just the same as it was called to do upon the original motion; and, as such discretion was exercised fairly, we see no reason for the present appeal.

The order must be affirmed, with $10 costs. All concur.